UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

KULBERG FINANCES INC.,

                Plaintiff,

    -against-

SPARK TRADING D.M.C.C., CAIRO THREE
A FOR TRADING, CAIRO THREE A FOR
TRADING S.A.E., and CAIRO THREE A
IMPORT & EXPORT S.A.E.,

                Defendants.

------------------------------------X



09 Civ. 0792 (RWS)

OPINION

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    BROWN GAVALAS & FROM LLP
    355 Lexington Avenue
    New York, NY 10017
    By: Peter Skoufalos, Esq.

    Attorneys for Defendants

    BLANK ROME LLP
    405 Lexington Avenue
    New York, NY 10174
    By: Jeremy J.O. Harwood, Esq.

**Sweet, D.J.**

Plaintiff Kulberg Finances ("Kulberg" or the "Plaintiff") has moved for (1) reconsideration of the Court's June 18, 2009 Opinion (the "June 18 Opinion"); (2) a stay of the June 18 Opinion pending a determination of this motion for reconsideration; and (3) a stay of the June 18 Opinion pending appeal to the Second Circuit.

In the June 18 Opinion, the Court granted the motion of Defendants Spark Trading, Cairo Three A for Trading, Cairo Three A for Trading S.A.E., and Cairo Three A Import & Export S.A.E. (collectively "Spark" or "Defendants") to vacate the attachment order previously obtained by Plaintiff pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

On June 29, 2009, the Court entered an order staying the execution of its June 18 Opinion pending resolution of Plaintiff's motion for reconsideration (the "June 29 Stay").

The present motion was marked fully submitted on July 8, 2009.

1

"Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must demonstrate that the Court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." Nat'l Cong. for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) (internal quotations omitted); see also Borochoff v. GlaxoSmithKline PLC, 07 Civ. 5574 (LLS), 2008 WL 3466400, at *1 (S.D.N.Y. Aug. 12, 2008) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992))).

In seeking reconsideration of the June 18 Opinion, Kulberg argues that the Court failed to consider prior cases from this District concerning the determination of whether a "valid maritime claim" exists for purposes of a Rule B attachment.  While Plaintiff may disagree with the Court's interpretation of this District's Rule B jurisprudence, none of

2

the authorities cited by Plaintiffs were overlooked by this Court.[1]

Because Rule 59(e) of the Fed. R. Civ. P. is not "an appropriate vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided," Pasha v. William M. Mercer Consulting, Inc., No. 00 Civ. 8362 (RWS), 2004 U.S. Dist. LEXIS 12277, at *1 (S.D.N.Y. June 30, 2004), and Plaintiff has not identified any facts or law that the Court overlooked, the motion for reconsideration is denied.

The June 29 Stay is extended an additional ten days to permit application to the Second Circuit for a further stay.

It is so ordered.

New York, NY
July 31, 2009

ROBERT W. SWEET
U.S.D.J.

---

[1] Specifically, Kulberg argues that this Court failed to consider Crossbow Cement SA v. Mohamed Ali Aleh Al Hashedi & Bros., 08 Civ. 5074 (HB), 2008 U.S. Dist. LEXIS 98319 (S.D.N.Y. Dec. 4, 2009); Stemcor UK Ltd. v. Sesa Int'l Ltd., 09 Civ. 1155 (LBS), 2009 U.S. Dist. LEXIS 42855 (S.D.N.Y. May 18, 2009); Centramet Trading S.A. v. Egyptian Am. Steel Rolling Co., No. 07 Civ. 6379 (RMB), 2007 U.S. Dist. LEXIS 97940 (S.D.N.Y. Sept. 28, 2007); and Noble Res. S.A. v. Sarl Ouest Import, 08 Civ. 3587 (S.D.N.Y. Aug. 12, 2008). All four cases are cited in the June 18 Order.

3